IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-3 |
| | : | |
| CHARLENA WEST | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, Matthew T. Newcomer, Assistant United States Attorney, and Alexander B. Bowerman, Special Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

      1.      On January 6, 2023, Charlena West was charged in an Information with conspiracy to deal firearms without a license, in violation of 18 U.S.C. § 371 (Count One).

      2.      The Information also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of her violation of 18 U.S.C. § 371 (Count One).

      3.      The defendant entered into a Guilty Plea Agreement whereby she agreed, inter alia, to plead guilty to Count One of the Information. The defendant further agreed not to contest forfeiture as set forth in the Notice of Forfeiture.

4. The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Preliminary Order of Forfeiture shall become final as to the defendant prior to her sentencing.

5. On January 19, 2023, the defendant pleaded guilty at her plea hearing to Count One of the Information, pursuant to the Guilty Plea Agreement.

6. As a result of her guilty plea, the defendant is required, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit criminally the firearms and ammunition involved in or used in the violation charged in Count One of the Information.

7. A final order of forfeiture for the Ruger, Model Security 9, 9mm semi-automatic pistol, bearings serial number 383-61872, listed in the Notice of Forfeiture in the Information, was entered in *United States v. Atif Stockton*, Criminal No. 21-CR-289. The Notice of Forfeiture in the Information and the Guilty Plea Agreement lists an additional fifty-six (56) firearms as being subject to forfeiture and which the defendant agrees to forfeit as firearms involved in or used in the offense of conspiracy charged in Count One of the Information. These remaining fifty-six (56) firearms have not yet been located and are not in law enforcement custody. The government, accordingly, seeks entry of a general order of forfeiture forfeiting all firearms and ammunition involved in Count One of the Information and intends to seek amendment(s) to the preliminary order of forfeiture as firearms identified in the Notice of Forfeiture are located and taken into custody. *See* Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e)(1)(A)

8. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim.

P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

9. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel.

10. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

11. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R.

Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

For the reasons stated above, the government requests that this Court enter the attached Order.

                Respectfully submitted,

                JACQUELINE C. ROMERO
                United States Attorney

                */s/ Sarah L. Grieb*
                SARAH L. GRIEB
                Assistant United States Attorney
                Chief, Asset Recovery and Financial Litigation

                */s/ Alexander B. Bowerman*
                ALEXANDER B. BOWERMAN
                Special Assistant United States Attorney

                MATTHEW T. NEWCOMER
                Assistant United States Attorney

Date:   September 24, 2024

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 23-3 |
| : | |
| CHARLENA WEST : | |

### ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.  As a result of defendant Charlena West's guilty plea as to Count One of the Information, charging her with conspiracy to deal firearms without a license, in violation of 18 U.S.C. § 371, the defendant is required to forfeit criminally any firearms and ammunition involved in or used in such violation, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. 2461(c).

2.  All firearms and ammunition involved in or used in the defendant's violation of 18 U.S.C. § 371, are forfeited to the United States.

3.  Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to her sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

4.  The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(A), to amend this Order to forfeit specific property belonging to the defendant and subject to forfeiture under this Order but was located and identified after this Order was entered.

5.  Upon entry of this Order or any amendment thereto that is entered

pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

6. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this ___ day of _____, 2024.

_____
**HONORABLE HARVEY BARTLE III**
**Senior Judge, United States District Court**

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

**Maranna J. Meehan, Esquire**
Assistant Federal Defender
Defender Association of Philadelphia
Federal Court Division
The Curtis Building
601 Walnut Street
Suite 540 West
Independence Square West
Philadelphia, PA 19106
215-928-1100
maranna_meehan@fd.org
*Counsel for Defendant Charlena West*

                                            */s/ Alexander B. Bowerman*
                                            ALEXANDER B. BOWERMAN
                                            Special Assistant United States Attorney

Date:   September 24, 2024